## Morse v. Brooks, appellant.

*Contract — construction of — sale and delivery — acceptance — evidence.*

One B agreed to cut, peel and rank 300 cords of hemlock bark in good manner and on good roads. Defendant agreed to pay $5 for every cord in the woods, and had the right to remove the bark at any time. The bark was cut and piled up. B became insolvent, and assigned his contract to plaintiff. At the same time defendant, who had made advances to B, took possession of the bark. The same was measured in the woods by defendant's agent, who made it 326¾ cords. It was measured at defendant's tannery, and made 308 6-8 cords. Plaintiff's measure made the amount in the woods 382 cords. *Held*, that plaintiff was entitled to recover for contract price of the bark, less the advances. Defendant had a right to take the bark ; and, taking it, was an acceptance of it under the contract, and a conversion of it to his use. The quantity of bark was to be fixed at the time of the conversion, and, while the ordinary fulfillment of the contract was to pay $5 for the bark, as ranked and piled in the woods, the defendant having taken possession of it to secure his lien, the measurements made are of value only as evidence of the amount of bark, before its removal. The measurement at the tannery comes under the same rule. It was the province of the jury to compare the measurements, and determine whose measure was true.

Appeal from a judgment upon the verdict of a jury.

*George G. French,* for appellant.

*Cromwell & Conlan,* for respondent.

E. D. Smith, J.

---

Ayres *et al.,* appellants, v. Lawrence *et al.,* Commissioners, etc.

*Comstock & Bennett,* for appellants.

*Charles R. King,* for respondent.

Appeal from order of special term restraining a demurrer. Affirmed on ground that the decision of an appeal from an order containing an injunction in the same case was decisive in this appeal.